NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000392
03-OCT-2016
08:23 AM**

NO. CAAP-16-0000392

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
DAVID LAWRENCE PERREIRA, JR., Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5DTA-15-00265)

ORDER GRANTING THE AUGUST 15, 2016
MOTION TO DISMISS THE APPEAL
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Upon consideration of "Appellant State of Hawaii's Motion to Dismiss Appeal," filed August 15, 2016, by Plaintiff-Appellant State of Hawaiʻi (Appellant), "Defendant-Appellee's Statement of Objection to Appellant State of Hawaii's Motion to Dismiss Appeal [Filed August 15, 2016]," filed August 22, 2016, by Defendant-Appellee David Lawrence Perreira, Jr. (Appellee), the papers in support,[1] and the record, it appears that:

(1) In the underlying case, 5DTA-15-00265, Appellant charged Appellee with, among other things, one count of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of HRS § 291E-61(a)(1) and/or (a)(4);

---

[1] The court did not consider Appellant's August 29, 2016 reply to Appellee's opposition because it was not authorized. See Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 27(a).

(2) Appellant appeals from the district court's April 12, 2016 Findings of Fact, Conclusions of Law and Order granting Appellee's motion to suppress evidence, in which the district court ruled that the results of Appellee's blood test was suppressed;

(3) The appeal was docketed on July 11, 2016;

(4) Pursuant to HRAP Rule 42(b), Appellant seeks to dismiss the appeal and proceed to trial on the OVUII charge under HRS § 291E-61(a)(1), rather than (a)(4);

(5) Appellee objects to the "unconditional dismissal of the subject appeal," because, according to Appellee, the time from when the district court granted the motion to suppress until the time this appeal is dismissed should be counted for purposes of Hawai'i Rules of Penal Procedure (HRPP) Rule 48 and the Sixth Amendment right to a speedy trial. Appellee requests "a finding that the delay associated with the aborted appeal is charged to Appellant";

(6) Appellant has provided valid grounds in support of its motion to dismiss the appeal and dismissal of the appeal is appropriate. It is not necessary for this court to make any decision or finding on how the time related to this appeal should be treated for purposes of HRPP Rule 48 or the Sixth Amendment speedy trial right, and we decline to do so. Appellee may raise any claim or argument Appellee has regarding HRPP Rule 48 or the Sixth Amendment speedy trial right in the trial court.

(7) The opening brief was due on or before August 22, 2016. Appellant did not file the opening brief or request an extension of time;

(8) On August 24, 2016, the appellate clerk notified Appellant that the time for filing the opening brief had expired, the matter would be called to the court's attention on September 6, 2016, for appropriate action, which could include dismissal of the appeal, and relief from default should be made by motion; and

(9) Although Appellant did not file a motion seeking relief from default, it is warranted in this instance.

Therefore, IT IS HEREBY ORDERED that Appellant's August 15, 2016 motion to dismiss the appeal is granted, and the appeal is dismissed.

IT IS FURTHER ORDERED that Appellant is relieved from default of the opening brief.

DATED: Honolulu, Hawai'i, October 3, 2016.

Chief Judge

Associate Judge

Associate Judge